# Court of Appeals
## Tenth Appellate District of Texas

---

10-24-00174-CR
10-24-00175-CR

---

Richard Alan Curlee,

Appellant

v.

The State of Texas,

Appellee

---

On appeal from the
12th District Court of Walker County, Texas
Judge David W. Moorman, presiding
Trial Court Cause Nos. 29142, 29144

---

JUSTICE SMITH delivered the opinion of the Court.

### MEMORANDUM OPINION

A jury convicted Richard Alan Curlee of two counts of continuous sexual abuse of a young child committed against two different children.[1]  *See* TEX. PENAL CODE ANN. § 21.02.  Curlee was sentenced to Life in prison in each case, to run consecutively.  In his original appeals, Curlee raised issues concerning the trial court's refusal to sequester the jury, failure to conduct a competency

---

[1] These counts were indicted separately, but they were tried together to the jury.

hearing before the punishment phase, denial of his motion for continuance, and assessment of court costs. On original submission, we affirmed the trial court's judgments. Curlee filed a motion for rehearing, which we granted in part, withdrew our original opinions, and abated the appeals for the trial court to make a retrospective competency determination. The trial court complied and issued findings of fact and conclusions of law. Upon reinstating the appeals, both parties filed supplemental briefs. We will address the issues raised in the original briefing as well as the supplemental issues Curlee raises. We affirm the judgments of the trial court.

## Jury Sequestration

In his first issue in his original appeals, Curlee contends that the trial court reversibly erred by refusing his request to sequester the jury after the charge was given in the guilt-innocence phase of trial. *See* TEX. CODE CRIM. PROC. ANN. art. 35.23. The State, conceding error, argues that the error was harmless.

ANALYSIS

We agree with the parties that the trial court erred in denying Curlee's request to sequester the jury. Article 35.23 of the Texas Code of Criminal Procedure provides, in relevant part:

> The court on its own motion may and on the motion of either party *shall*, after having given its charge to the jury, order that the jury not be allowed to separate, after which the jury shall be kept together, and not permitted to separate except to the extent of housing female jurors separate and apart from male jurors, until a verdict has been rendered or the jury finally discharged.

*Id.* (emphasis added). When a party timely moves to sequester the jury after the charge has been given, sequestration is mandatory and a trial court errs by denying the request. *See Polk v. State*, 367 S.W.3d 449, 454 (Tex. App.—Houston [14th Dist.] 2012, pet. ref'd). Here, while the jury was deliberating during the guilt-innocence phase, the trial court asked if any party objected to recessing the jury for the day. Curlee immediately voiced an objection and requested jury sequestration. The trial court denied the request and permitted the jury to separate. This was error. *See id.*

A trial court's error in failing to sequester the jury in violation of article 35.23 is a statutory violation subject to harmless error analysis under Texas Rule of Appellate Procedure 44.2(b).[2] *See id.*; *see also Rojas v. State*, 986 S.W.2d 241, 252 (Tex. Crim. App. 1998) (Keller, J., concurring); TEX. R. APP. P.

---

[2] In his motion for rehearing, as he did in his original appeals, Curlee cited to *Sanchez v. State*, 906 S.W.2d 176 (Tex. App.—Fort Worth 1995, pet. ref'd), in support of his argument that the jury sequestration error was not harmless. Claiming that the Court of Criminal Appeals has not disapproved of the holding in *Sanchez*, he faulted this Court for "not following or distinguishing" this holding in our original opinion. *Sanchez* was decided before the 1997 amendments to the Texas Rules of Appellate Procedure and applied a harm analysis under Rule 81(b)(2). *Sanchez,* 906 S.W.2d at 179. Rule 81(b)(2) is no longer the standard that we apply in our non-constitutional harm analysis. TEX. R. APP. P. 44.2(b); *see Lake v. State,* 532 S.W.3d 408, 418-19 (Tex. Crim. App. 2017) (Yeary, J., concurring).

44.2(b).  Under this standard, we must disregard any error that did not affect Curlee's substantial rights.  *See id.*  An error does not affect substantial rights if a reviewing court has fair assurance from an examination of the record as a whole that the error did not influence the jury, or had but slight effect.  *Gonzalez v. State*, 544 S.W.3d 363, 373 (Tex. Crim. App. 2018).

Here, before recessing for the day, the trial court instructed the jury with regard to their conduct as jurors while separated.  *See* TEX. CODE CRIM. PROC. ANN. art. 35.23.  The jury was admonished to refrain from discussing the case with anyone, to abstain from performing any independent research, and to "not do anything on this case until you're back in the jury room with all 12 of you." Curlee does not point to, nor do we find, any evidence in the record that the jury failed to follow the trial court's instructions.  The record does not indicate that Curlee suffered any harm from allowing the jurors to separate.  We find that the trial court's error in refusing to sequester the jury was harmless. Accordingly, we overrule Curlee's first issue in his original brief.

### Competency and Voluntary Absence

The jury found Curlee guilty in both cases on a Friday.  The trial court recessed the proceedings and scheduled the punishment phase to begin the following Tuesday morning.  Curlee was taken into custody by the Walker County Sheriff's Office and permitted to use the restroom before leaving the

courthouse. He used a firearm - which he had disassembled, concealed on his person, and brought into the courthouse - to shoot himself in the head.

Curlee was taken to a hospital. Evidence developed at the retrospective competency hearing demonstrated that by the next day, Curlee was oriented and conversational and "his mental status, range of motion, and motor function were normal." Though the shooting rendered Curlee blind, he suffered no brain damage.

The day before the punishment phase was scheduled to begin, Curlee's trial counsel filed a "Motion Suggesting Incompetency and Request for Examination" and a separate "Motion for Continuance" based on Curlee's attempted suicide. Curlee was still hospitalized at the time. Finding that Curlee's suicide attempt was a choice to voluntarily absent himself from the trial, *see* TEX. CODE CRIM. PROC. ANN. art. 33.03, the trial court proceeded with the punishment phase in Curlee's absence.

<u>Competency Hearing</u>

Curlee's second issue in his original appeals addressed the trial court's failure to order a competency evaluation under article 46B.005 before proceeding to the punishment phase of trial. *See* TEX. CODE CRIM. PROC. ANN. art. 46B.005. After reviewing Curlee's motion for rehearing, we found the trial court conducted an informal inquiry into Curlee's competency but abused its

discretion by not ordering a competency evaluation and holding a formal competency hearing as a result of the informal inquiry. We abated the appeals for a retrospective competency evaluation and hearing.

On remand, the trial court appointed a licensed psychologist who determined that Curlee was competent to stand trial at the time of the punishment phase. The trial court then conducted a formal competency trial, received testimony and other evidence, and ultimately found that Curlee was competent to stand trial for the punishment phase. Our abatement and remand for the retrospective competency determination thus disposed of Curlee's second issue in his original appeals. *See Turner v. State*, 570 S.W.3d 250, 263 (Tex. Crim. App. 2018). Accordingly, Curlee's second issue in his original appeals is moot. *Id.*

Curlee's Competency

In his first supplemental issue, Curlee contends that despite his capacity to communicate with counsel before the punishment phase, the trial court's denial of his motion for continuance violated the due-process protections of chapter 46B of the Code of Criminal Procedure because hospital restrictions impeded his ability to consult with counsel. We disagree.

At the retroactive competency hearing, trial counsel explained that he "was informed that [Curlee] was in ICU and that I would not be allowed in

ICU" and that Curlee's mother and law enforcement officers who were present at the hospital "strongly discouraged" him from attempting to communicate with Curlee. As a result, counsel testified that Curlee had no ability to consult with him concerning the punishment phase. In his closing argument, Curlee contended that his lack of access to his counsel "precluded him [from] being competent for the purposes of preparing for the punishment phase of trial."

A person is not competent to stand trial if the person does not have "sufficient present ability to consult with the person's lawyer with a reasonable degree of rational understanding." *See* TEX. CODE CRIM. PROC. ANN. art. 46B.003(a)(1). Curlee suggests that we should extend the phrase "ability to consult" in this definition beyond the defendant's mental capacity to consult with counsel to include his access to consult with counsel. Specifically, he contends that "[t]o construe this requirement to hold due process is satisfied based on the physical capacity to consult with his lawyer while ignoring uncontroverted evidence [that Curlee] was precluded from actually communicating with his lawyer disregards the due process right the standard seeks to protect."

Under Chapter 46B, the inability to consult with counsel must be rooted in and fueled by a mental illness or mental defect. *See Turner v. State*, 422 S.W.3d 676, 696 (Tex. Crim. App. 2013). The competency framework focuses

on the defendant's mental capacity, not on whether the defendant has had adequate access to counsel or whether external conditions have restricted communication. It asks whether the defendant has sufficient capacity to consult, not whether the defendant has had sufficient opportunity to consult.

We decline the invitation to separate the "sufficient ability to consult" requirement from its competency context. Accordingly, we overrule Curlee's first issue in his supplemental brief.

Voluntary Absence

In Curlee's second supplemental issue and the third issue of his original brief, he contends that the trial court erred in denying his motion for continuance by finding he was voluntarily absent from trial. *See* U.S. CONST. amend. VI; TEX. CONST. art. I, § 10; TEX. CODE CRIM. PROC. ANN. art. 33.03. We disagree.

The Sixth Amendment to the United States Constitution and Article I, Section 10 of the Texas Constitution guarantee a defendant threatened with loss of liberty the right to be physically present at all phases of the criminal proceedings against him. *See* U.S. CONST. amend. VI; TEX. CONST. art. I, §§ 10, 19; *Miller v. State*, 692 S.W.2d 88, 90 (Tex. Crim. App. 1985). After the commencement of trial proceedings, a defendant may voluntarily absent himself from the trial without a violation of his Sixth Amendment right to be

present during all phases of the trial.  *See Taylor v. United States*, 414 U.S. 17, 18-19 (1973) (per curiam).  The Texas Code of Criminal Procedure affords even greater protection for defendants than does the Sixth Amendment, permitting trial to proceed to its conclusion "when the defendant voluntarily absents himself after pleading to the indictment or information, or after the jury has been selected when trial is before a jury[.]"  TEX. CODE CRIM. PROC. ANN. art. 33.03; *Tracy v. State*, 14 S.W.3d 820, 826 (Tex. App.—Dallas 2000, pet. ref'd).

We review a trial court's denial of a motion for continuance for an abuse of discretion.  *See Moore v. State*, 670 S.W.2d 259, 260-61 (Tex. Crim. App. 1984).  Absent evidence to the contrary, we will uphold a trial court's determination that a defendant voluntarily absented himself from the proceedings.  *See id.*

DISCUSSION

The record reflects that Curlee was physically present for voir dire and the entire guilt-innocence phase of trial.  It is uncontested that Curlee's absence from the punishment phase of trial was due to his hospitalization from attempted suicide by self-inflicted gunshot wound after the guilty verdicts. The psychologist who evaluated Curlee for competency spoke with him about his suicide attempt.  She testified that Curlee admitted he "had planned all along before the trial even began that if he was convicted, he was going to shoot

himself in the head." She further described the suicide attempt as a "calculated decision." The trial court expressly found that Curlee's suicide attempt "was a calculated response to an unfavorable verdict and was not the result of incompetency or an irrational break from reality."

Curlee argues that his absence from the punishment phase was not voluntary because he had "no control over the timing of his discharge which was a decision of the medical staff." However, several courts have determined that a defendant may be considered voluntarily absent from trial when he is not present in the courtroom because he has chosen to attempt suicide. *See, e.g., Smith v. State*, 494 S.W.3d 243, 251-54 (Tex. App.—Texarkana 2015, no pet.); *Trotti v. State*, 692 S.W.3d 679, 686 (Tex. App.—Houston [14th Dist.] 2023, pet. ref'd); *Bottom v. State*, 860 S.W.2d 266, 267 (Tex. App.—Fort Worth 1993, no pet.); *see also Mayfield v. State*, 536 S.W.3d 523, 526 (Tex. App.—Amarillo 2017, no pet.); *Johnson v. State*, Nos. 01-19-00602-CR, 01-19-00603-CR, 2020 WL 6065535 (Tex. App.—Houston [1st Dist.] Oct. 15, 2020, pet. ref'd) (mem. op., not designated for publication).

In *Smith*, the Texarkana Court of Appeals directly addressed whether the trial court abused its discretion in proceeding to the punishment phase of trial by deciding that the defendant's hospitalization following a suicide attempt constituted "voluntary absence," as the trial court did here. *Smith*,

494 S.W.3d at 251-54. The court stated, "Texas courts have held that a defendant voluntarily absents himself from trial when he attempts to commit suicide, is placed in a hospital, and, as a result, is not present in the courtroom." *Id.* at 254. Noting that a defendant cannot avoid trial by intentionally disabling himself, the appellate court held that the trial court did not abuse its discretion in deciding that the defendant had voluntarily absented himself from trial and proceeding to the punishment phase in his absence. *Id.* at 253-54 (citing *Maines v. State*, 170 S.W.3d 149, 150 (Tex. App. – Eastland 2005, no pet.).

Curlee contends that *Trotti* does not apply because the voluntary-absence finding in that case was not based on the defendant's suicide attempt. However, as the State notes in its supplemental brief, Trotti voluntarily absented himself from trial on multiple occasions. *Trotti*, 692 S.W.3d at 682-85. On one such occasion, Trotti was located in his jail bed with a self-inflicted injury. *Id.* at 684. He was taken to the hospital where he received treatment, and the trial was recessed for eight days. *Id.* at 684-85. On Friday, July 23, 2021, the trial court reconvened and, having determined that Trotti was competent to stand trial, decided that Trotti had voluntarily absented himself and "proceeded with the trial." *Id.* at 685. The opinion continues, "By Monday, July 26, [Trotti] had been discharged from the hospital" but refused to enter

the courtroom. *Id.* Thus, the facts as recited by the reviewing court indicate that trial proceeded while Trotti was hospitalized due to his self-inflicted wound for one day – Friday, July 23 – and that the decision to continue the trial was expressly based on the trial court's decision that Trotti voluntarily absented himself from the trial.

The Fort Worth Court of Appeals upheld a trial court's denial of a continuance in *Bottom*, where the defendant was physically absent from part of his trial due to hospitalization following a suicide attempt. *Bottom*, 860 S.W.2d at 267. Though the opinion is concise, the court briefly discussed Bottom's suicide attempt (that he was "not absent because of some sudden unexpected medical emergency, but because *he chose* to ingest large quantities of aspirin and arthritis medication") and determined that "[b]ecause Bottom *chose* to act in this way, his absence was voluntary." *Id.*

We find that the trial court did not abuse its discretion in denying Curlee's motion for continuance by finding that he voluntarily absented himself from trial. We overrule Curlee's third issue in his original appeals and second issue in his supplemental brief.

### Court Costs

When multiple cases are tried together, the trial court may assess each court cost or fee only once. *See* TEX. CODE CRIM. PROC. ANN. art. 102.073(a);

*Hurlburt v. State*, 506 S.W.3d 199, 203-04 (Tex. App.—Waco 2016, no pet.). In his fourth issue of his original brief, Curlee contends that the trial court erred in assessing court costs in the amount of $290.00 in both judgments, violating Texas Code of Criminal Procedure article 102.073(a). The State agrees that the judgments should be reformed to reflect a single assessment of costs.

Despite the parties' agreement, our review of the judgments reveals that the trial court assessed court costs in the amount of $290.00 only in the judgment for trial court cause number 29142. The judgment for trial court cause number 29144 lists the amount of assessed court costs at $0.00. This is also consistent with the trial court's statements when Curlee was sentenced.

Accordingly, we overrule Curlee's fourth issue in his original brief.

## Conclusion

Having overruled all of Curlee's issues on appeal, we affirm the judgments of the trial court in each case.

_____
STEVE SMITH
Justice

OPINION DELIVERED and FILED:  July 9, 2026

Before Chief Justice Johnson,
       Justice Smith, and
       Justice Harris
Affirmed
Do not publish
CRPM

